UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HOMER GATLIN | CIVIL ACTION 05-2114 |
| VERSUS | U.S. DISTRICT JUDGE DEE DRELL |
| DOLGENCORP, INC. | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### Ruling on Motion to Remand

Before the court is plaintiff's motion to remand, **Doc. #11**, referred to me by the district judge for decision.

This is a suit in which plaintiff claims injuries due to defendant's fault when a box fell off of a store shelf while he was shopping causing him to fall and sustain injuries. Suit was filed in state court in Avoyelles Parish and removed by the defendant to this court based on diversity jurisdiction. Defendant stated, in its Notice of Removal, that this court has jurisdiction "in that plaintiff's petition, paragraph 8, indicates an amount in controversy that exceeds the federal jurisdictional amount exclusive of interest and costs...". Defendant also asserts in its removal petition that plaintiff has failed to indicate that his damages are less than the jurisdictional limits and failed to plead whether the damages sought are less than the amount for federal jurisdiction, as required by Article 893 of the Louisiana Code of Civil Procedure.

Plaintiff moves to remand asserting by affidavit filed with the motion to remand that the damages sustained are less than the jurisdictional limits of this court. Further, plaintiff offers evidence in the form of medical records, which he argues shows the jurisdictional limits of this

1

court are not met.

## Analysis

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47

F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages. The petition asserts that plaintiff sustained "severe personal injuries". His injuries were "to his mind, head, neck, right leg and back" for which he sought medical treatment. Specifically, plaintiff asserts entitlement to:

"1. Past, present and future pain and suffering;

2. Past, present and future mental anguish humiliation and aggravation;

3. Past, present and future medical expenses;

4. Past, present and future loss of enjoyment of life;

3

5. Past, present and future loss of wages and/or earning capacity."

It is not facially apparent that the damages exceed the jurisdictional limit. Rather, the claims made in this case are similar to those made "with little specificity" in <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999). Compare <u>Luckett</u> supra, and <u>Gebbia</u>, supra. Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000.

Plaintiff's attempted stipulation by affidavit that his damages do not exceed $75,000 would have to have been filed with the petition in order to have been effective. <u>De Aguilar II</u>, supra. Post removal events (such as a stipulation) may not deprive the court of jurisdiction, <u>St. Paul Mercury</u>, supra. Neither is the affidavit adequate to clarify the amount in dispute as it is conclusory at best.

Defendants removed this case based on their allegation that the petition on its face showed that the jurisdictional limits were met. Defendants did not and have not produced any evidence in support of removal. The only medical records produced were produced by plaintiff but they are illegible.

As defendants have failed in their burden to show by a preponderance of the evidence that the amount in dispute meets the jurisdictional requisites of this court, the motion to remand should be granted.

For these reasons, plaintiff's Motion to Remand, is GRANTED.

However, this Order of Remand is STAYED for a period of fifteen (15) days during which time this court will retain jurisdiction so that the parties, should they wish to do so, may appeal this order to the district judge and it is further STAYED for such period of time as such

appeal is pending or until further order of the district judge.

Alexandria, Louisiana, March 6, 2006.

/s/ James D. Kirk
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE